# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

KENNETH SMITH

---

In Re:   Kenneth Smith, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 12-17-0241.

---

**BEFORE:   WHIPPLE, C.J., GUIDRY AND WOLFE, JJ.**

**WRIT GRANTED.** The district court's March 9, 2022 judgment finding that relator's co-defendant's video recorded interview with police officers, introduced as Exhibit S1, and audio recorded jailhouse calls, introduced as Exhibit S2, are admissible at trial pursuant to La. Code Evid. art. 801(D)(3)(b) is reversed. A statement is not hearsay if it is offered against a party and was made by a declarant while participating in a conspiracy to commit a crime and in furtherance of the objective of the conspiracy, provided that a prima facie case of conspiracy is established. La. Code Evid. art. 801(D)(3)(b). Before a co-conspirator's declaration may be introduced under this exception, the State must show: (1) a prima facie case of conspiracy; (2) that the declaration was made while the conspiracy was ongoing; and (3) that the declaration was made in furtherance of the common enterprise. See **State v. Dupree**, 377 So.2d 328, 330 (La. 1979). The State failed to demonstrate that the statements made by relator's co-defendant were made during the course of an ongoing conspiracy, and in furtherance of that conspiracy; therefore, the statements are not admissible. Moreover, out of court, testimonial statements, including statements made during police interrogation, are inadmissible where the defendant is unable to cross-examine the witness. **Crawford v. Washington**, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). The two video recorded statements given to officers by relator's co-defendant during police interrogation are testimonial statements, and there is no evidence that relator had a prior opportunity to cross-examine his co-defendant. Accordingly, the video recorded statements introduced as Exhibit S1 violate the confrontation clause and are inadmissible.

**JMG**
**EW**

**Whipple, C.J.,** dissents. A statement is not hearsay if the statement is offered against a party, and the statement was made by a declarant while participating in a conspiracy to commit a crime, in furtherance of the objective of the conspiracy, provided that a prima facie case of conspiracy is established. La. Code Evid. art. 801(D)(3)(b). After the State presents a prima facie case of conspiracy, the defendant must then present evidence showing his withdrawal from the conspiracy prior to the time the statements were made by his co-conspirators. See **State v. Dyess**, 2018-241 (La. App. 3d Cir. 11/7/18), 258 So.3d 1095,

1100. Because I find that relator failed to present evidence that he withdrew from the conspiracy prior to his co-defendant's statements, I find that the statements are admissible under La. Code Evid. art. 801(D)(3)(b) and would deny the writ.

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT